# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>KELLY HARRINGTON, et al.,<br><br>Defendants. | Case No. 1:12-cv-00226-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR PRELIMINARY INJUNCTION BE DENIED** (ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Marcus R. Williams ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for a preliminary injunction, filed October 1, 2012, seeking to enjoin Defendants at Kern Valley State Prison from harassing Plaintiff. ECF No. 9.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983);

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); Fed. R. Civ. P. 65(d).

On November 21, 2012, Plaintiff filed a notice of change of address to Centinela State Prison. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Plaintiff's motion for preliminary injunction thus appears to be moot.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed October 1, 2012, should be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 11, 2013**     /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE