# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARCUS R. WILLIAMS,<br><br>        Plaintiff,<br><br>   vs.<br><br>KELLY HARRINGTON, et al.,<br><br>       Defendants. | ) Case No. 1:12-cv-00226-LJO-DLB PC<br>)<br>) **DISCOVERY AND**<br>) **SCHEDULING ORDER**<br>)<br>) Initial Disclosures: December 5, 2013<br>) Unenumerated Rule 12(b) Motions: January<br>) 16, 2014<br>) Deadline to Amend Pleadings: February 17,<br>) 2014<br>Discovery Cut-Off: March 17, 2014<br>Dispositive Motion Deadline: May 16, 2014 |

To expedite the fair disposition of this action and to discourage wasteful pretrial activities, the Court directs that the attorneys or parties, if appearing pro se, comply with the following procedures:

I.    <u>INITIAL DISCLOSURES</u>

Notwithstanding Federal Rule of Civil Procedure 26(a)(1)(B), the parties are HEREBY ORDERED to provide Initial Disclosures as follows:

No later than **December 5, 2013**:

A.  Plaintiff's Disclosures:

Plaintiff shall provide Defendant with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each

individual likely to have information about the events described in his complaint or his claims of injury or damage.  In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.

Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control[1] which he may use to support the allegation(s) in his complaint, or his claims or injury of damage.

B.   Defendant(s) Initial Disclosures:

Defendant(s) shall provide Plaintiff with the name and, if known, the location or other identifying information (such as inmate number, job classification or institutional assignment) of each individual likely to have information about Defendant(s)' claims or defenses, or who will be used to support Defendant(s)' version of the events described in the complaint.  In addition, Defendant(s) shall describe, generally, the information each individual so identified is believed to possess.

Defendant(s) shall provide to Plaintiff copies of all documents and other materials in the care, custody, or control of any Defendant(s) or the California Department of Corrections and Rehabilitation ("CDCR") related to the claims and defenses in the case.

Such documents and materials shall include, but are not limited to, (a) documents and materials upon which Defendant(s) rely in support of their defense of the action, (b) grievances and appeals thereof, determinations of grievances and appeals, and (c) reports of completed investigations by CDCR or others.  Simultaneous with disclosure to Plaintiff, Defense counsel shall file with the Court either a copy of any cover letter (without attachments) or a statement that the disclosures required herein have been completed.

---

[1]  Property is deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand.  Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. 2007).

Pursuant to Federal Rule of Civil Procedure 26(e), the parties must supplement or correct the disclosures in a timely manner, and failure to do so may result in the inability to present such evidence in support of a motion, or at trial.  Fed. R. Civ. P. 37(c).

II.   DEPOSITIONS

Defendant(s) are granted leave to take the deposition of Plaintiff, or any other incarcerated witness, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).  Defense counsel shall provide Plaintiff with notice of the date of the deposition by mailing such notice to Plaintiff at least fifteen (15) days prior to the scheduled deposition date.  The deposition may not commence until at least ten (10) days after Defense counsel has filed their proof of compliance as required in subparagraph (B) above.  PLAINTIFF SHALL TAKE NOTICE that disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which Plaintiff may refuse to answer appropriate questions, and the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions. Such sanctions may include dismissal of the action pursuant to Federal Rule of Civil Procedure 37.  Objections made in good faith in accordance with governing rules are permissible.

III.   SCHEDULE AND DEADLINES

A.   All motions to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) must be filed on or before **January 16, 2014.**

B.   The deadline for amending pleadings is **February 17, 2014**.

C.   All discovery shall be completed on or before **March 17, 2014.**  Motions to compel must also be filed by this date.

D.   Dispositive motions must be filed on or before **May 16, 2014**.

IV.   DISCOVERY ISSUES

A.   Written discovery must be served at least thirty (30) days prior to the close of discovery.  Responses must be served thirty (30) days after service of the discovery request.

Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  In objecting to discovery requests, Defendant(s) should state their objections in plain language that a pro se party will likely understand.

B.      As stated above, motions to compel must be filed on or before **March 17, 2014**. The meet and confer requirement set forth in Federal Rule of Civil Procedure 37(a)(1) and Local Rule 251(b) is waived.  Voluntary compliance is encouraged, however.

V.    <u>EXTENSIONS OF TIME</u>

Requests for extensions of the deadlines set forth in this Discovery and Scheduling Order **must be filed on or before the expiration of the date in question**.  **These deadlines are firm and will not be extended by the Court except upon a showing of good cause**.  Fed. R. Civ. P. 16(b)(4).


IT IS SO ORDERED.

Dated:   __October 18, 2013__                       _____ /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE