UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY HARRINGTON, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00226-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT D. JAYVINDER SHOULD NOT BE DISMISSED FROM THIS ACTION WITHOUT PREJUDICE BEACAUSE OF PLAINTIFF'S FAILURE TO LOCATE DEFENDANT D. JAYVINDER<br>(ECF NO. 123)<br><br>THIRTY DAY DEADLINE |

**I.    RELEVANT PROCEDURAL HISTORY**

Marcus Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 17, 2012, Plaintiff commenced this action by filing a complaint. (ECF No. 1). The Court found cognizable claims against seven defendants (ECF Nos. 10, 16, 20, & 22), and, after the appropriate service documents were completed and returned (ECF No. 23), ordered the United States Marshal Service ("the Marshal") to serve the defendants (ECF No. 24).

However, because there was no information before the Court as to whether defendant D. Jayvinder had ever been served, on October 21, 2016, Chief Judge Lawrence J. O'Neill gave Plaintiff the option to have the Marshal re-serve defendant D. Jayvinder. (ECF No. 110). On

November 9, 2016, Plaintiff informed the Court that he wanted to have the Marshal re-serve defendant D. Jayvinder. (ECF No. 112). Once Plaintiff submitted the appropriate service documents, the Court issued an order directing the Marshal to serve process upon defendant D. Jayvinder. (ECF No. 118). On January 9, 2017, the Marshal filed a return of service unexecuted, indicating that the California Department of Corrections and Rehabilitation ("CDCR") had nobody by the name of D. Jayvinder in their records. (ECF No. 123).

## II.   SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *overruled on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

---

[1] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant Sonny Perez has expired under both the pre-amendment version of the rule and the current version rule.

The return of service filed by the Marshal on January 9, 2017, indicates that, according to the CDCR, the CDCR does not have anyone in their records by the name of D. Jayvinder. (ECF No. 123).  There is no indication on the return of service that the Marshal received a response from defendant D. Jayvinder.  (Id.)  The Marshal certified that he or she was unable to locate defendant D. Jayvinder.  (Id.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant D. Jayvinder should not be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant D. Jayvinder.  If Plaintiff is unable to provide the Marshal with additional information the Court will issue findings and recommendations to Chief Judge O'Neill, recommending that defendant D. Jayvinder be dismissed from the case, without prejudice.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to Chief Judge O'Neill, recommending that defendant D. Jayvinder be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:  **January 11, 2017**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

3