UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. RIOS and S. STEWART,<br><br>　　　　Defendants. | 1:12-cv-00226-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL AND VACATING THE DEADLINE TO FILE PRETRIAL STATEMENTS, THE DEADLINE FOR PLAINTIFF TO SUBMIT MONEY ORDERS, AND THE TELEPHONIC TRIAL CONFIRMATION HEARING<br><br>(ECF NO. 142) |

　　　　Marcus Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2017, Plaintiff filed a motion for appointment of pro bono counsel and for an extension of time to file his pretrial statement and to submit the money orders that are required for the attendance of unincarcerated witnesses who refuse to testify voluntarily.[1] (ECF No. 142).

　　　　According to Plaintiff, on February 14, 2017, Plaintiff was transferred to Corcoran State

---

[1] The Court notes that if Plaintiff wanted to obtain the attendance of unincarcerated witnesses who refused to testify voluntarily he was supposed to notify the Court of their names and locations by January 31, 2017. (ECF No. 115, p. 5).

1

Prison so that he could attend the settlement conference that was held on February 17, 2017. The settlement conference was held, the case did not settle, and Plaintiff was sent back to Corcoran State Prison. Plaintiff spoke to an Administrative Segregation Unit Correctional Counselor, who informed Plaintiff that he would be returned to California Men's Colony on the week of March 6, 2017, but the Correctional Counselor could not be certain when Plaintiff would be returned because "she is not 'in charge of transportation.'" Plaintiff does not have access to his personal property or his legal work at Corcoran State Prison. Accordingly, Plaintiff has been unable to draft his pretrial statement or make any other pretrial preparations. Additionally, Plaintiff asserts that he is not skilled or experienced in the matters of negotiations, pretrial preparations, or trial proceedings.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. First, there is a settlement conference scheduled for March 24, 2017. If the case settles at this conference there will be no need to appoint counsel for Plaintiff. Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to court orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings if settlement is unsuccessful.

As to Plaintiff's request for an extension of time, the Court finds good cause to grant the

extension. However, because granting an extension of time to file the pretrial statement would mean that the pretrial statement is due after the telephonic trial confirmation hearing, the Court will vacate the telephonic trial confirmation hearing, the deadline for the parties to file their pretrial statements, and the deadline for Plaintiff to submit the money orders that are required to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily. If the case does not settle at the upcoming settlement conference, the Court will hold a telephonic scheduling conference on April 11, 2017, at 10:00 a.m.

At this time, the trial date remains in place.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's request for appointment of pro bono counsel is DENIED without prejudice;
2. The telephonic trial confirmation hearing is VACATED;
3. The deadline for the parties to file their pretrial statements is VACATED;
4. The deadline for Plaintiff to submit the money orders that are required to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily is VACATED;
5. The Court will hold a telephonic scheduling conference on April 11, 2017, at 10:00 a.m. at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721 in Courtroom #10; and
6. Plaintiff must appear telephonically at the telephonic scheduling conference on April 11, 2017. Defendants may either appear in person or telephonically. To appear telephonically, the parties are directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

IT IS SO ORDERED.

Dated:  **March 7, 2017**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE